[No. 2126.]

HARRIS ET AL. v. HARRIS, AS SURVIVING PARTNER OF HARRIS & SON.

1. **Pleading—Contracts—Principal and Subcontractors.**

   A complaint which alleges that plaintiffs made an agreement with the contractor who was constructing a building for defendant to furnish the material and plaster the building for a certain price, and that before they commenced work defendant agreed with plaintiffs that if they would do said plastering and furnish material therefor, he would pay plaintiffs the sum agreed on by plaintiffs and the contractor, states a cause of action against defendant as owner and in favor of plaintiffs as principal contractors.

2. **Judgments—Parties—Mechanics' Liens.**

   In an action for a personal judgment against the owner and to enforce a mechanics' lien on real estate where plaintiffs claimed under a contract originally made with a contractor under defendant, but which defendant assumed and made his own contract before plaintiffs commenced work thereunder, and in which action said contractor was joined as a party defendant, the fact that no final disposition was made of the case as to said contractor would not affect the validity of a personal judgment against the owner or a lien decreed upon the real estate.

*Appeal from the District Court of Arapahoe County.*

Mr. H. A. LINDSLEY, for appellants.

Mr. WESTBROOK S. DECKER, of counsel.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for appellee.

GUNTER, J.

Appellants contend that the cause of action of the amended complaint departs that of the original in this: That the cause of action of the former was in favor of plaintiffs as subcontractors, of the latter in behalf of plaintiffs as principal contractors.

1.   The cause of action of the original complaint was passed upon in the former appeal, *Harris v. Harris*, 9 Colo. App. 211, 47 Pac. 841, the court saying:

"The complaint contains the following allegation: 'That before the doing of any work by these plaintiffs, said John H. Harris promised these plaintiffs that whatever sum should become due them for said labor and materials would be paid by him.' In the statement of the lien claim it was said: 'That on or about the 10th day of July said John H. Harris, the owner, agreed with said claimants that if they would do said plastering and furnish material therefor he would pay claimants the sum of $250.' * * * *The facts set out in the statement would, if established, show an original contract and employment between claimants and Harris.* * * * In the complaint it is stated that the promise was made before appellees commenced work. In the statement filed it was alleged that the promise by Harris was on the 10th of July, and that work commenced upon the 6th. If the evidence should show that the promise was made before the commencement of the work and was the inducement, *then the personal judgment might be given,* * * * The complaint appears to contain every important allegation and fact, if established, to constitute a cause of action; * * *" (The italics are ours.

It is thus seen that the original complaint stated

a cause of action against the defendant John H. Harris as owner and in favor of claimants (then plaintiffs) as principal contractors. Under such complaint claimants were entitled to establish a lien on the bettered premises.—Mills' Ann. Stats., vol. 3, sec. 2867.

That the original complaint might have been obnoxious to the charge of misjoinder or duplicity is not the question before us; the question is, did it state a cause of action in favor of the predecessors in interest of the present plaintiffs as original contractors? We think it did. If so, the cause of action is not changed in the amended complaint.

2. It is further contended by appellants that the evidence does not show that the contract between claimants, predecessors in interest of appellees, and John H. Harris was made before claimants had begun to furnish materials and perform labor.

If material—which we do not hold—the court found, upon conflicting evidence, this fact established by claimants, a section of the court's finding being as follows:

"That on or about the 6th day of March, 1893, the plaintiff and the said James Harris, as partners, made and entered into an agreement with the defendant, William Miller, to furnish the material and lath and plaster the said building; that the said Miller agreed to pay them therefor the sum of $250 upon the completion of said plastering by them.

"That thereafter they notified the defendant, John H. Harris, that they could not trust the said Miller and would not do said work unless he, the defendant, John H. Harris, would agree to pay them for the same, and thereupon the defendant, John H. Harris, personally directed the said James Harris & Son to do said work, and did then and there personally promise that in consideration of their performance of said work, he would pay them upon completion there-

of the sum of $250, which was the fair value of the same.

"That thereafter, on or about the 6th day of July, 1893, the plaintiffs began their work under said contract, and did furnish in and upon said building all the labor and materials necessary to complete the lathing and plastering of the same, and did complete their said work therein and thereon on the 16th day of September, 1893."

3. It is contended that the lien statement is not sufficiently explicit as to contract of claimants to sustain a judgment in their favor as original contractors. This contention is disposed of in *Harris v. Harris, supra,* the court saying:

"The facts set out in the statement, if established, show an original contract and employment between claimants and Harris."

4. It is further complained that the court made no final disposition of the case as to Miller, the party with whom appellants contracted for the construction of the house upon which claimants performed their labor and who was a party defendant in the proceeding below.

We can see no reason why failure to make a disposition of the case as to Miller—if there was such failure—should affect the validity of the personal judgment herein against John H. Harris, and the lien decreed upon the real estate for which the labor was performed and material furnished.

The original complaint stated a cause of action in favor of these plaintiffs as original contractors against John H. Harris as owner, and facts which, if proven, would justify a lien against the real estate involved. The amended complaint presents the same cause of action. The court, upon conflicting evidence,

found the cause of action established and entered a judgment in accordance therewith. We see no reason to reverse it.

Judgment affirmed.    *Affirmed.*